UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOEY CORSENTINO AND AUDRA JOWERS | CIVIL ACTION NO. 10-541 |
| VERSUS | JUDGE |
| ALLSTATE INDEMNITY COMPANY | MAGISTRATE JUDGE |

**ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, Allstate Indemnity Company ("Allstate"), hereby removes to this Court the state court action described below.

1. On March 1, 2010 Joey Corsentino and Audra Jowers ("Plaintiffs") filed this action, seeking recovery of losses or damages incurred as a result of Allstate's alleged bad faith in handling Plaintiffs' claim for damages to property caused by a tornado, which Plaintiffs allege was covered under Plaintiffs' Allstate homeowners insurance policy.

2. The Petition names Allstate, as a foreign insurer, as the sole Defendant. (Petition ¶ 1)

3. This action was filed in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, entitled *Joey Corsentino and Audra Jowers v. Allstate Indemnity Company,* docket number 538843, division C.

4. The gravamen of the Petition is that Allstate failed to properly adjust Plaintiffs' claim and failed to properly compensate Plaintiffs, and that Allstate's alleged conduct was arbitrary and capricious, entitling Plaintiffs to bad faith damages under the Louisiana bad faith statute, La. Rev. Stat. § 22:1973 and 22:1982. (Petition ¶¶ 2-23)

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. There is complete diversity as to all properly joined parties and the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs.

6. Allstate has attached all pleadings filed in the record of the state court proceeding as of the date of this filing. (Exhibit A.) Plaintiffs served Allstate with process for the original petition through the Louisiana Secretary of State on March 9, 2010. Thus, this Notice of Removal is filed timely, in compliance with 28 U.S.C. § 1446(b).

**Complete Diversity Exists As To All Properly Joined Parties**

7. Plaintiffs are alleged to be citizens of the State of Louisiana. (Petition, ¶ introduction) Allstate is alleged to be a foreign insurer doing business in the State of Louisiana. (*Id.* at ¶ 1) Allstate is in fact incorporated in Illinois with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); Ex. B, Affidavit of Margaret Fury ("Fury Aff.") at ¶ 5.

8. Complete diversity exists between Plaintiffs, who are Louisiana citizens and Allstate, a non-Louisiana citizen. Allstate has a right of removal and this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there is complete diversity as to all joined parties and, as shown below, the amount in controversy exceeds $75,000.

**The Amount In Controversy Exceeds $75,000**

9.  The Petition is silent as to the total amount in controversy. Therefore, the removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003). The removing party, here Allstate, can meet this burden by setting forth facts in controversy demonstrating that the amount in controversy exceeds $75,000. *Id.*; *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

10. Here, it is apparent that the amount in controversy exceeds $75,000. Plaintiffs allege that they were the co-owners of a property located in Caddo Parish, Louisiana. (Petition, ¶ 2) Plaintiffs allege that their property was "substantially destroyed," resulting in losses to their dwelling, other structures and their personal property along with their incurring additional living expenses. (Petition, ¶¶ 8, 9 & 19) Plaintiffs have submitted a property damage estimate and seek recovery for compensatory damages over $108,849.93 all alleged to be covered under Plaintiffs' policy of insurance. (Petition, Exhibit "A")

11. Plaintiffs' homeowners insurance policy with Allstate, under which Plaintiffs' claim is made, has dwelling limits of $187,388, limits of $18,738 for other structures, and limits of $131,172 for personal property, as well as additional living expenses for up to 12 months. (Exhibit B, Fury Aff. at ¶ 4.) These limits are properly considered in determining the amount in controversy. *Albarado v. State Farm Mut. Auto. Ins. Co.*, No. 91-2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991) (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met).

12.   Although Allstate has tendered payments to Plaintiffs there is more than $75,000 remaining available under the policy.  Accordingly, the various available limits of coverage under the policy alone exceed $75,000.  (Exhibit B at ¶ 6.) Additionally, although Plaintiffs can not state a cause of action under the Louisiana Valued Policy Law they have attempted to plead this cause of action in their petition. (Petition, 4-7, 13, 17) *See*, *Chauvin v. State Farm Fire & Casualty Co.*, 2007 U.S. App. LEXIS 18618 (5th Cir. Aug. 6, 2007) For purposes of this removal, Plaintiffs' allegations control and therefore their attempt to allege recovery under the Louisiana Valued Policy Law demonstrates that the amount in controversy requirement is met. *See, generally Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 535-37 (5th Cir. 1990).

13.   Since Plaintiffs allege their home suffered substantial damages as a result of a tornado, there is, as noted above, more than $75,000 left on the policy's limits and Plaintiffs have demanded more than $108,849.93 from Allstate, it is clear that, based on the contractual amounts sought above, there is more than $75,000 in controversy in this case.

14.   In addition to the contractual amounts claimed, Plaintiffs attempt to state causes of action under a bad faith insurance statute, La. Rev. Stat. § 22:1973, which provides for penalties that can total twice the amount of damages.  (Petition ¶¶ 18-23) While Allstate denies it acted in bad faith, penalties are properly included in determining the jurisdictional amount.  *See Albarado*, 1991 WL 165733, at *1 (policy limits plus statutory penalties are properly considered when determining if jurisdictional amount is met); *St. Paul Reinsurance*, 134 F.3d at 1253 (noting that attorneys' fees and penalties are included in determining jurisdictional amount when party could be liable for same

under state law).  Here, Plaintiffs are seeking over $75,000 in compensatory damages, plus double penalties which clearly puts the amount in controversy over $75,000.  Plaintiffs' claim for attorneys fees swells that amount even more over $75,000.

15. The fact that Plaintiffs are seeking more than the minimum amount in controversy is also apparent based on the fact that the Plaintiffs' Petition failed to allege they were seeking less than $75,000.  While it is generally true under Louisiana law that a plaintiff may not allege a specific amount of damages, an important exception to that rule exists.  The Louisiana Code of Civil Procedure specifically states that:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial**, the lack of jurisdiction of federal courts due to insufficiency of damages**, or for other purposes*, a general allegation that the claim exceeds or is less than the requisite amount is required*.

La. Code Civ. P. Art 893 A(1) (emphasis added).  Thus, if Plaintiffs' damages were in fact less than $75,000 Plaintiffs were **required** to allege that fact.  *Id.*

16. Here, Plaintiffs did not in fact allege the damages were less than $75,000.  Based on Plaintiffs' failure to allege that they were seeking less than $75,000, there is a presumption that the amount in controversy exceeds $75,000.  *Bruce v. Fisher*, No. 06-0840, 2006 U.S. Dist. LEXIS 64032 at * 4 (W.D. La. July 13, 2006) (stating that where a plaintiff fails to allege less than $75,000 is in controversy, plaintiff has "in effect conceded by [the] state court pleadings that the requisite jurisdictional amount is in controversy."); *see also George v. Dolgencorp. Inc.*, 2008 U.S. Dist. LEXIS 1563 at *1-2 (W.D. La. Jan. 9, 2008) (noting that the failure of plaintiff to allege it was seeking less than $75,000 in Louisiana state court petition is "one piece of evidence for the Court to consider" in determining whether the amount in controversy requirement is met).

17. This conclusion is further established by the fact that counsel for Allstate provided Plaintiffs with an opportunity to stipulate that they were seeking less than $75,000. Plaintiffs declined to sign a binding stipulation on the amount in dispute. Plaintiffs' failure to sign such a binding stipulation further demonstrates that the amount in controversy exceeds $75,000 in this case.

18. Accordingly, the amount in controversy exceeds $75,000 for diversity jurisdiction purposes, and there is complete diversity between the parties.

WHEREFORE, Allstate Insurance Company respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

/s/ James L. Donovan, Jr.
JAMES L. DONOVAN, JR. (1337)
DONOVAN & LAWLER, APLC
4640 Rye Street
Metairie, LA 70006
Telephone: (504) 454-6808
Facsimile: (504) 887-5885
Email: jdonovan@donovanlawler.com

Attorneys for defendant,
Allstate Indemnity Company

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this document on all known counsel of record by United States Mail on April 5, 2010.

/s/ James L. Donovan, Jr.
JAMES L. DONOVAN, JR.